**CSG law**

CHIESA SHAHINIAN & GIANTOMASI PC

One Boland Drive, West Orange, NJ 07052
csglaw.com

**MARIE L. MATHEWS**
Member

mmathews@csglaw.com

O 973.530.2099     F 973.325.1501

September 1, 2022

*Via ECF*
Honorable Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Courtroom 8
Newark, NJ 07102

Re:     *Pearson Education, Inc. v. Chegg, Inc.*, 2:21-cv-16866 (EP-ESK)

Dear Judge Kiel:

We represent Defendant Chegg, Inc. ("Chegg") in the above matter. We write to request that the scheduled telephonic status conference on September 20, 2022 (ECF No. 60), be converted to an in-person hearing regarding the status of discovery, including outstanding discovery disputes, pending motions, and any other issues, to occur on September 20, 2022, or as soon thereafter as the Court's calendar permits. Pearson Education, Inc. ("Pearson") opposes Chegg's request at this time.

Chegg's Position

An in-person conference is warranted for several reasons: (1) the parties remain far apart on many discovery issues, including even the threshold issue of whether they should reach an agreement on all search terms and custodians applied in this case; (2) Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 56) and Motion to Seal (ECF No. 61) remain undecided, which are likely to impact additional discovery matters; and (3) the current deadline to raise disputes related to

September 1, 2022
Page 2

written discovery is September 30, 2022, which Chegg submits will likely need to be extended in light of the above issues.

Given the number and complexity of issues, Chegg believes that the parties would benefit from meeting with the Court in person for a conference in lieu of the telephonic hearing currently scheduled on September 20, 2022.

Pearson's Position

Pearson opposes Chegg's request at this time. Pearson believes it is premature to discuss converting the September 20 telephone status conference into an in-person hearing before the parties have finished meeting and conferring on all open discovery issues as required by the Court's established procedures, and before any unresolved discovery issues are crystalized in the joint letter to be filed on September 15. *See* Order dated July 14, 2022 (ECF 60). Pearson will continue to follow the Court's procedures for resolving discovery disputes in an effort to narrow the issues that require the Court's attention, and will defer to the Court's preference as to whether to convert the September 20 telephone status conference into an in-person hearing.

Respectfully submitted,

*/s/ Marie L. Mathews*

Member
Chiesa Shahinian & Giantomasi PC

*Attorneys for Defendant Chegg, Inc*.