

**Fox Rothschild LLP**
ATTORNEYS AT LAW
Mail: P. O. Box 5231, Princeton, NJ 08543-5231

Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel (609) 896-3600 Fax (609) 896-1469
www.foxrothschild.com

Karen A. Confoy
Direct Dial: (609) 844-3033
Email Address: kconfoy@foxrothschild.com

December 23, 2022

**VIA ECF**
Honorable Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:  **Pearson Education, Inc. v. Chegg, Inc. (D.N.J. Civ No. 2:21-cv-16866-EP-ESK)
Letter Setting Forth Unresolved Discovery Disputes**

Dear Judge Kiel:

Pursuant to DNJ Local Rules 16.1 and 37.1 and paragraph 7 of the Court's Civil Case Management Order, the parties respectfully submit this joint letter. The parties met via videoconference on December 21, 2022 but were unable to resolve this dispute.

**Pearson's Position**

As the Court is well aware, Pearson has been trying for ten months to get the most basic threshold information to inform discovery in this case: an organizational chart for Chegg Study. Notwithstanding the Court's clear direction at the December 5, 2022 hearing that both parties should promptly produce organizational charts, Chegg continues to stonewall by now producing an overly curated chart of a mere 28 employees from its company of over 1,700.

At the same time, Chegg has limited its document production to a mere six custodians, while demanding that Pearson include 41 custodians. Rather than provide a complete

141143062.1
141146050.1

Hon. Edward S. Kiel, U.S.M.J.
December 23, 2022
Page 2

organizational chart as ordered, Chegg insists that Pearson (rather than Chegg) identify other relevant Chegg custodians without this critical background information. Chegg's approach has made it impossible for Pearson to do so and is emblematic of Chegg's unilateral approach.

By way of background, and as the Court will recall, Pearson moved to compel Chegg to expand its existing custodians and search terms after months of frustration. *See* ECF 75 at 1–2, Jt. Discovery Dispute Ltr. (Pearson's Position) (explaining that Chegg had "searched for documents from a mere *six* custodians, excluded the entirety of Chegg India, and used unduly restrictive search terms). At the December 5, 2022 hearing, the Court declined to grant Pearson's motion, and instead directed the parties to meet-and-confer further on additional search terms and custodians, after each had produced an organizational chart. *See* Dec. 5, 2022 Hr'g Tr. 112:20–113:5 ("THE COURT: But I think everybody has agreed, they're going to meet and confer on this issue -- on the search terms or the custodians; that there needs to be -- agreement as to the custodians. . . . And if there's custodians that you believe, once you get that -- their organizational chart, I think there could be a more educated discussion between you, counsel, about who the custodians are going to be that Chegg searches."), 117:24–118: ("THE COURT: Enough. Enough. You're [Chegg] going to send it over to him [Pearson]. You're going to exchange it. Try and make it within a week. If you can't, then try to make it within two weeks. And I understand the holidays are coming up. But please try to meet and confer.").

Two weeks after the hearing, Pearson has complied with the Court's order, responding to a new document request on short notice and preparing and producing an organizational chart listing approximately 900 Pearson employees, including for the specific categories of employees Chegg

141143062.1
141146050.1

Hon. Edward S. Kiel, U.S.M.J.
December 23, 2022
Page 3

requested. Chegg has not complied and complains that Pearson provided too much information. Instead, Chegg produced a chart listing just 28 people (out of over 1,700 employees), while simultaneously demanding that Pearson search for additional documents from 41 custodians. This is the definition of lopsided discovery, a fact brought into starker relief when considered against the vastly greater discovery that Pearson has already provided. Chegg's continuing refrain, even still, that it remains willing to confer further on this issue could not be more hollow.

Pearson cannot wait any longer for the basic information it needs to pursue relevant discovery. We therefore respectfully request that the Court issue an order: (1) compelling Chegg to produce immediately an organizational chart for the entire company or, at a minimum, every person with any involvement in Chegg Study, including those involved in the content creation, operation, finance, marketing, and strategy for Chegg Study, and (2) ordering Chegg to engage in good-faith bilateral discovery, including by searching custodial documents for at least as many custodians as it insists Pearson should search.

While there is a status conference scheduled for February 6, 2023, Pearson is hopeful that the Court can provide more immediate direction on this issue based on this letter submission.

**Chegg's Position**

Consistent with the Court's December 5, 2022 direction, Chegg proposed to Pearson a December 14, 2022 exchange of organizational charts within the time period the Court provided. Pearson was not prepared to exchange organizational charts within that time period, and so Chegg accommodated Pearson's multiple requests to delay the exchange, up until the parties exchanged charts on the afternoon of December 21, 2022.

141143062.1
141146050.1

Hon. Edward S. Kiel, U.S.M.J.
December 23, 2022
Page 4

The parties have been unable to complete their meet-and-confer on Pearson's concerns about the December 21, 2022 exchange of organization charts, because Pearson insisted on filing this joint letter immediately on December 23, 2022, while Chegg's main client contact for this matter is out-of-office on vacation. Pearson's delay of the exchange until nearly the eve of Christmas caused the parties to be unable to seek to resolve their differences ahead of the upcoming holidays.

To be clear, Chegg has complied with the Court's direction on this issue. As Chegg explained to Pearson, Chegg does not maintain "organizational charts" in the ordinary course of business that correspond with the scope of Pearson Request for Production ("RFP") No. 3 at issue.[1] Chegg is not organized with a vertical division of persons dedicated entirely to "Chegg Study" as Pearson has suggested. Horizontal divisions support all of Chegg's business. For example, marketing supports all business functions, but is not relevant to the functions listed in Pearson RFP No. 3. The organizational chart produced on December 21, 2022 is based on the line of reporting within the business that is most directly dedicated to the Chegg Study functions identified in Pearson RFP No. 3. This chart supplemented previously produced documents showing Chegg's organizational structure, including several Chegg India organizational charts Chegg previously produced.

---

[1] Pearson's RFP No. 3, which Pearson has cited as the basis for the requested organizational chart, requests: "Documents sufficient to show Chegg's organizational structure, including, but not limited to, the Persons or entities involved in the selection, development, preparation, creation, revision, review, posting, reproduction, or distribution of content used in Chegg Study." Chegg sent a reciprocal request based on the Court's direction at the December 5, 2022 conference.

141143062.1

141146050.1

Chegg's organizational charts focused on the dozens of names that would facilitate a further discussion regarding naming additional custodians and conducting further discovery. By way of contrast, Pearson's organization chart lists over 800 names untethered to the issues in this case, in an apparent effort to obscure the identities of persons who could meaningfully participate in discovery by burying them in a crowd. But a dispute regarding whether the organizational chart should be a jumble of 800 names, or instead of chart of 28 names tailored to the issues in this case, is not properly before the Court given that the parties have not completed the meet-and-confer process.

There is no real urgency here. Chegg remains willing to meet-and-confer on Pearson's concerns about Chegg's December 21, 2022 production after the holidays.

****

We thank the Court for your consideration of this matter.

Respectfully submitted,

*Karen A. Confoy*

cc: Counsel of Record (*via* ECF)