## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEARSON EDUCATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHEGG, INC.,<br><br>Defendant. | Civil Action No.: 21-16866<br><br><br><br>**OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER RE: DEFENDANT'S MOTION TO COMPEL** |

**LINARES, J.**

This matter comes before the Special Master by way of Defendant Chegg, Inc.'s Motion in its September 26, 2023 letter application ("Motion") to compel Plaintiff Pearson Education, Inc. to produce documents in response to Chegg's Request for Production Nos. 33, 34, 40 and 47 ("Requests) and respond to Interrogatory No. 7.[1]  Pearson opposed this Motion by letter dated October 6, 2023 ("Pearson Opp.").  The Special Master heard argument on the Motion on October 25, 2023.  For the reasons set forth below, the Special Master hereby **DENIES** Chegg's Motion.

## I.     ANALYSIS

The Special Masters presumes the parties familiarity with the factual background and procedural posture of this matter.  Accordingly, the Special Master will only recite the facts relevant to the disposition of the subject dispute.

---

[1] With respect to Interrogatory No. 7, Pearson has agreed to supplement its response.  Thus, that particular request is moot and not addressed herein.

This dispute involves Chegg's request for financial information that it argues is relevant to Pearson's allegations that Chegg has impacted or otherwise harmed the market, revenue, or value for Pearson's asserted works.  (Motion at 1).  Chegg argues that the Requests at issue go to Pearson's damages claim, as well as Chegg's fair use defense.  Chegg asserts that Pearson has produced few documents responsive to these Requests and that Pearson refuses to confirm whether any further documents exist which are responsive to these Requests.

In response, Pearson does not dispute that the information sought is relevant.  Rather, it argues that these Requests have previously been denied and that nonetheless, Pearson has produced information in response to other RFPs that are responsive to the Requests as issue here.  Thus, any additional production would be cumulative and disproportionately burdensome.

First, Pearson argues that these Requests were denied by Judge Kiel during the June 7, 2022 hearing and by the Special Master's May 24, 2023 Order (ECF No. 128 ("May 24 Order")).  A review of the transcript of the June 7, 2022 hearing does not support Pearson's position.  The Requests at issue were not previously denied by Judge Kiel, and Pearson points to no specific portion of the transcript or ruling by Judge Kiel doing so.

Nor did the Special Master's May 24, 2023 Order address these Requests.  The May 24, 2023 Order decided Chegg's RFP 57 and RFP 77, which related to Pearson's efforts to compete with Chegg in the market, including materials relating to "Clutch Prep" and "Pearson Channels+".  While Pearson is correct that the Special Master "directed Chegg to identify three to five requests it seeks to compel" from among the more than 50 discovery requests originally identified, the Special Master did not make a ruling on the bulk of requests that Chegg chose not to pursue at that time.  Pearson's reading of language in the May 24, 2023 Order that "granted in part and denied in part" Chegg's application relating to RFP 57 and 77 to imply that the Special Master denied all

2

other RFPs is far too expansive.  As set forth in the Order (May 24 Order at 5-6), consistent with the Court's prior ruling narrowing the scope of certain requests, including RFP 57, to "digital and publically available aids or supplemental learning materials that just deal with the end-of-chapter questions and solutions," the Special Master imposed this narrowing limitation on RFP 77.  The Order is clear that the Special Master granted Chegg's application to compel Pearson to produced documents responsive to RFP 57 and RFP 77, narrowed by the additional limitation that the information must relate to end of chapter questions and solutions.  (*See* id. at 9).

Next, Pearson argues that it has produced responsive documents covering the topics in the Requests, and anything more would be cumulative and disproportionately burdensome.  On this point, the Special Master agrees.  As set forth in Pearson's Opposition (Pearson Opp. at 3-4), Pearson has produced documents in response to other RFPs regarding the market for its works and market harm (*see*, *e.g.* RFP 35, 36 and 31).

Moreover, during argument, counsel for Pearson introduced an exhibit that included the meet-and-confer communications between counsel in negotiating search terms.  (*See* Special Master Exhibit No. 1, Hearing 10/25/23).  That exhibit listed specific search terms Chegg was seeking to have Pearson run at the time, and corresponding RFPs that the search terms would target. In other words, Chegg represented that certain search terms were intended to capture documents responsive to certain RFPs, including the Requests at issue here – RFPs 33, 34, 40 and 47.  Pearson also submitted several other exhibits (Special Master Exhibits No. 2-4) that it argued were examples of the kind of responsive information that it has already produced.

Chegg's counsel countered at oral argument that Chegg is entitled to materials to help it rebut Pearson's claim that Chegg alone is responsible for all of the harm to its textbook market. (*See* Transcript of Proceedings October 25, 2023 Hearing, at p. 15-16).  In other words, Chegg

wants the underlying data that Pearson may have reviewed as to what other causes exist (such as digitization of content, pirating and counterfeiting, etc.) that could be harming its textbook market.

The Special Master is convinced that the information that Pearson has already produced is sufficient to enable Chegg to rebut any argument of Pearson that Chegg alone is responsible for the harm to its textbook market, including other causes of harm that may exist.  In addition, information that Pearson has already produced in response to other RFPs overlaps with the topics in the Requests at issue.  Requiring Pearson to search for and produce additional discovery on these topics would be cumulative.  Accordingly, Chegg's Motion to compel is denied.

## II.     <u>ORDER</u>

**IT IS** on this 13th day of November, 2023,

**ORDERED** that Chegg's Motion to Compel Pearson to produce documents in response to Chegg's Request for Production Nos. 33, 34, 40 and 47 is denied.

**SO ORDERED**.

__/s/ <i>Jose L. Linares</i>_____

Hon. Jose L. Linares, U.S.D.J. (Ret.)
