UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEARSON EDUCATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHEGG, INC., <br><br> Defendant. | Civil Action No.: 21-16866 <br><br><br> **OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER RE: PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS** |

**LINARES, J.**

This matter comes before the Special Master by way of Plaintiff Pearson Education, Inc. Motion in its November 10, 2023 letter application ("Motion") to compel Defendant Chegg, Inc. to produce for depositions two individuals who are nationals of India employed by non-party Chegg India Pvt. Ltd. Chegg opposed this Motion by letter dated November 29, 2023 ("Chegg Opp.") and Pearson submitted a reply by email dated December 6, 2023. The Special Master heard argument on the Motion on January 3, 2024. For the reasons set forth below, the Special Master hereby **DENIES** Pearson's Motion.

                                                  I.        <u>**ANALYSIS**</u>

The Special Master presumes the parties' familiarity with the factual background and procedural posture of this matter. Accordingly, the Special Master will only recite the facts relevant to the disposition of the subject dispute.

In this Motion, Pearson seeks an order compelling Chegg to make available two foreign non-party individuals for remote video depositions pursuant to the Federal Rules of Civil Procedure, without the need to follow the procedures of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"). (Motion at 7). The two witnesses at issue – Laxmi Bisht and Schweta Kauskik – are employed by Chegg's wholly owned subsidiary Chegg India Pvd Ltd ("Chegg India"), not a party to the action. Ms. Bisht is the Director of Expert Operations and trains Chegg freelancers in India to write the solutions that Pearson alleges infringe Pearson's copyrights. Ms. Kaushik is a Sr. Manager of Content Support who is involved in the supervision of Chegg's selection, development, review and posting of answers to Pearson's textbook questions. (Motion at 1).

Pearson argues these witnesses have unique knowledge and information central to Pearson's claims. Pearson also argues that Chegg "controls" both witnesses and has provided document discovery from each (thereby conceding, Pearson argues, that strict adherence to the Hague Convention procedures is unnecessary). Pearson also points to language in the parties' Joint Discovery Plan that states: "For discovery sought from foreign individuals and entities that are associated with one of the parties, the parties will work cooperatively to avoid unnecessary delays and costs." (ECF No. 37 at 14).

Finally, Pearson argues that going through the complicated procedures of the Hague Convention would be time consuming and impose other restrictions that would prejudice them. For example, Pearson's U.S. counsel would be prohibited from appearing or asking questions at the deposition, and only Indian counsel appointed through a special commission could do so. (Motion at 1).

2

In response, Chegg argues that Pearson must follow Hague Convention Procedures, citing *Tulip Computers International v. Dell Computer,* 254 F.Supp 2d 469, 474 (D. Del. 2003), for the proposition that Hague Convention procedures must apply where the deponents "are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of a [foreign country] and are not otherwise subject to the jurisdiction of the Court." Chegg argues that these witnesses are not parties to the lawsuit, and they are not employees of a party to this lawsuit, as they are employed by non-party Chegg India Pvt. Ltd, an indirect subsidiary of Chegg based in India. Chegg further argues that they advised Pearson more than a year ago, and have consistently maintained since, that Pearson would have to comply with the requirements of the Hague Convention if they wanted to depose any witnesses who were employees of Chegg India. (Chegg Opp. at 2-3).

Chegg states that neither Ms. Bisht nor Ms. Kaushik has agreed to a voluntary deposition. (Chegg Opp. at 4). In response to Pearson's contention that because Chegg produced documents from these witnesses they are deemed to "control" them and must now produce these witnesses for a deposition, Chegg argues that the "control" argument has been rejected by courts in this Circuit. Moreover, Chegg contends that the fact that it produced documents from these individuals does not mean that these individuals voluntarily subjected themselves to a deposition. As Chegg explained at argument, it produced documents contained on U.S. servers and on Chegg India company-owned computers used by these witnesses. (Transcript of January 2, 3024 Hearing ("Tr.") at 17.) At no point, according to Chegg, did either of the witnesses actively and voluntarily participate in the conduct of the case. (Tr. at 20).

Turning to Pearson's first argument that the Special Master may compel Chegg to produce Ms. Bisht and Ms. Kaushki without adherence to the Hague Convention because Chegg "controls

3

both witnesses and provided document discovery from each" (Motion at 1), this argument was directly addressed and rejected in *Ethypharm S.A. France v. Abbott Laboratories* 271 F.R.D. 82, 85 (D. Del. 2010).  In that case, the plaintiff sought an order from the court compelling Abbott to produce for depositions certain employees of its foreign subsidiaries or affiliates, including Fournier, a wholly owned indirect subsidiary of Abbott, under Federal Rule of Civil Procedure 30, rather requiring it to follow the Hague Convention procedures.  Ethypharm argued that Abbott had "control" over Fournier as a result of its acquisition of Fournier and that "litigating corporate parents are deemed to control the current employees of their subsidiaries and affiliates for deposition purposes." Ethypharm further maintained that when "the litigating parent is based in the US and its wholly owned subsidiary is not, the parent's control of the subsidiary's employees renders such witnesses subject to jurisdiction under the Federal Rules of Civil Procedure, and obviates the necessity of seeking discovery of these witnesses under the protocols of the Hague Convention." *Id*.

The court wholly rejected Ethypharm's arguments, and agreed with Abbott that there was no support in the Federal Rules that the "control" test applies to compel the deposition of foreign nationals who are not a party to the litigation, not subject to service of a subpoena, and not an officer, director or managing agent of Abbott but rather employees of a separate corporate entity. *Id*. at 90-91.

The Special Master finds that *Ethypharm* is persuasive and on point.  Ms. Bisht and Ms. Ms. Kaushki are employees of Chegg India, a non-party to the case, and are not subject to service of a subpoena in the U.S.  As set forth in *Ethypharm*, "[t]here is simply no authority for the proposition that a corporate party must produce for deposition fact witnesses that are not employed

4

by, and do not speak for, that party." *Id*. at 92 (quoting *In re Ski Train Fire*, 2006 WL 1328259, at *9 (S.D.N.Y. May 16, 2006)).

The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting [nation] may request evidence located in another contracting [nation]." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987)). Pearson argues that the procedures of the Hague Convention are permissive, not mandatory, and that Courts have permitted foreign discovery under the Federal Rules of Civil Procedure under certain circumstances without resort to the Hague Convention. (Motion at 2). While it is settled that Hague Convention procedures are not the mandatory or exclusive method for taking discovery abroad, and do not divest the District Court of jurisdiction to order discovery under the Federal Rules – *see Aerospatiale,* 482 U.S. at 529, 540 – this observation does not dispose of the question at hand. One must look to the particular facts and circumstances in those cases where courts have permitted foreign discovery under the Federal Rules to determine whether such discovery is permissible here.

The circumstances in *Aerospatiale*, for example, involved a foreign *party* to the litigation subject to the court's jurisdiction, not a *non-party* as here, and addressed document discovery, not deposition testimony. *Id*. Likewise, *Arthur Schuman Inc v. Entremont Alliance SAS*, 2022 U.S. Dist. LEXIS 173686 (D. N.J. Sept. 26, 2022), another case cited by Pearson, involved employees of a party-defendant who were located in France. Here, the witnesses whose testimony is sought to be compelled are employees of Chegg India, a non-party.

The facts and circumstances in *Axtria Inc. v. OKS Group, LLC*, 2021 WL 6136600 (E.D. Pa. Dec. 29, 2021), a case upon which Pearson relies, are also distinguishable. In *Axtria*, the court declined to apply the Hague Convention and ordered remote depositions of non-party Indian

national witnesses under the Federal Rules in part because "the foreign nationals are 'willing witnesses' who had apparently agreed to sit for 'voluntary depositions'" and the parties had agreed that the depositions could proceed remotely. *Id*. at *4. That is not the case here. As represented by counsel for Chegg in its Opposition and at oral argument, neither Ms. Bisht nor Ms. Kaushik has agreed to sit for a voluntary deposition.

Pearson also cites to *Graham v. Trans Union*, 2023 WL 5615800 (E.D. Pa. Aug. 30, 2023) in which the court ordered remote depositions of Indian nationals to proceed under the Federal Rules. However, that one-page order lacks a discussion of the facts and circumstances upon which the court relied. Further, *Graham* cites two cases, both of which are readily distinguishable. The first, *Shinde v. Nithyananda Foundation*, 205 U.S. Dist. LEXIS 189257 (C.D. Cal May 21, 2015) involved deponents who were *individual defendants* in the litigation and who resided in India. Those facts are clearly distinguished from the case at bar. The second, *Axtria*, is distinguished above. Accordingly, the *Graham* case is neither instructive nor persuasive.

The more persuasive line of authority that aligns with the facts and circumstances of this case involve cases that have required that Hague Convention procedures be followed where the deponent is a citizen of a foreign country, not a party to the lawsuit, has not "voluntarily subjected [herself] to discovery" and is "not otherwise subject to the jurisdiction of the Court." *Tulip Computers*, 254 F. Supp. 2d at 474. In *Tulip Computers*, the court found that "[re]sort to the Hague Evidence Convention in this instance is appropriate since both Mr. Duynisveld and Mr. Dietz are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of the Netherlands, and are not otherwise subject to the jurisdiction of the Court." *Id*; *see also Antamex Int'l, Inc. v. Zurich Am. Ins. Co.*, 2022 WL 20679662, at *6 ("Plaintiffs must utilize the Hague Evidence Convention because Ms. Frost [a former employee of defendant] is not a party to

6

this litigation, has not voluntarily subjected herself to discovery, resides in Canada, and does not otherwise appear subject to the jurisdiction of this Court."); *Abbott Laboratories v Impax Laboratories Inc.*, 2004 WL 1622223, at *2 (D. Del. July 15, 2004) ("application of the Hague Convention is appropriate here, as the witnesses are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of France, and are not otherwise subject to the jurisdiction of this court"); *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 2013 WL 12291616, at *3-4 (S.D. Ind. Apr. 26, 2013) (adhering to the Hague Convention is necessary where Dr. Calvert "refused to make himself available for deposition," "is not a party to this litigation, he did not voluntarily subject himself to discovery, he is a citizen of the United Kingdom, and he is not otherwise subject to the jurisdiction of this Court").

It is not disputed that Ms. Bisht and Ms. Kaushik are not parties to this lawsuit and are employed by an entity that it not a party to this lawsuit. They reside in India and are not otherwise subject to the jurisdiction of the District Court. While documents associated with these witnesses were collected from US servers and company-owned laptops, there are no other facts in the record that suggest that they have voluntarily subjected themselves to discovery in this case. Indeed, neither witness is willing to voluntarily appear for their deposition.

In conclusion, the Special Master finds that Ms. Bisht and Ms. Kaushik are nationals of India, are not parties to this lawsuit, have not voluntarily subjected themselves to discovery and are not otherwise subject to the jurisdiction of this Court. Therefore, the Special Master holds that the Hague Convention procedures must be utilized to seek their depositions. Accordingly, Pearson's Motion to compel the depositions of Ms. Bisht and Ms. Kaushik under the Federal Rules of Civil Procedure without following the Hague Convention procedures is denied.

## II. ORDER

**IT IS** on this 31st day of January, 2024,

**ORDERED** that Pearson's Motion to Compel Chegg to produce Ms. Bisht and Ms. Kaushik for a deposition under the Federal Rules of Civil Procedure without following the Hague Convention procedures is denied.

**SO ORDERED**.

                                         /s/ *Jose L. Linares*

                                    Hon. Jose L. Linares, U.S.D.J. (Ret.)