# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEARSON EDUCATION, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>CHEGG, INC.,<br><br>        Defendant. | Civil Action No.: 21-16866<br><br><br><br>**OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER** |

**LINARES, J.**

This matter comes before the Special Master by way of a Letter dated September 20, 2024 from Defendant Chegg, Inc. requesting an order striking the September 8, 2024 Memorandum Report of Dr. Philip B. Nelson ("Report") served by Pearson Education, Inc. ("Pearson") or, in the alternative, permitting Chegg's expert, Dr. Daniel Ingberman, to submit a short supplemental report responding to new arguments made in the Report. Pearson submitted opposition by letter dated September 26, 2024 ("Opposition"). Chegg submitted a reply by letter dated September 30, 2024, and Pearson submitted an email sur-reply dated October 2, 2024.

For the reasons set forth below, the Special Master hereby grants in part and denies in part Chegg's Request.

## I. ANALYSIS

The Special Master presumes the parties' familiarity with the factual background and procedural posture of this matter. Accordingly, the Special Master will only recite the facts

ME1 50624822v.1

relevant to the disposition of the subject dispute.

Chegg argues that the Report is an improper "sur-reply" because it violates the January 2, 2024 Scheduling Order which permitted affirmative expert reports, rebuttal expert reports and reply expert reports. Chegg asserts that the Report does not constitute a supplement under Rule 26(e) because it does not seek to correct an error in prior reports or disclose information Nelson was not previously aware of; rather, it is an attempt to bolster Nelson's prior reports. Chegg also argues it is prejudicial because it was served after the deposition of Dr. Nelson and that this prejudice cannot be cured. Citing the factors considered in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977), Chegg argues that the report should be stricken.

In response, Pearson argues that the Report supplements Nelson's earlier reports by addressing materially new information and analysis presented for the first time in Dr. Ingberman's August 1, 2024 reply report and thus is proper and timely under Rule 26(e). Pearson argues that the Report is a critical opportunity for Nelson to address the new information in the Ingberman reply on an important issue in the case, Chegg's fair use defense. Pearson argues that there is no prejudice to Chegg, and that any alleged prejudice can be cured by allowing Dr. Ingberman to serve a short supplemental response. It appears, therefore, that the parties are in agreement on the alternative relief requested by Chegg.

The Special Master notes that there is no trial date set and that the time for experts to supplement or correct disclosures under Rule 26 has not passed. Whether the Report is considered to be a proper supplement under Rule 26(e) or an improper attempt to serve a fourth round of expert reports, exclusion is an extreme sanction. Here, any potential prejudice can be cured by permitting Chegg to serve a short supplemental response from Dr. Ingberman addressing the new material in the Report. Indeed, the parties appear to be in agreement on this

alternative relief. Accordingly, the Special Master holds that Chegg shall be permitted to submit a short supplemental report from its expert, Dr. Ingberman, responding to new arguments made in the Report.

## **ORDER**

**IT IS** on this 15th day of October, 2024,

**ORDERED** that Chegg's Request to strike the Report is denied; and it is further

**ORDERED** that Chegg's Request to serve a short supplemental report from Dr. Ingberman in response to new arguments made in the Report is granted.

**SO ORDERED**.

                                                /s/ *Jose L. Linares*

                                                Hon. Jose L. Linares, U.S.D.J. (Ret.)