**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PEARSON EDUCATION, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CHEGG, INC.,<br><br>　　　　　　Defendant. | Civil Action No.: 21-16866<br><br><br>**OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER RE: DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PRODUCE ANOTHER 30(b)(6) WITNESS** |

**LINARES, J.**

This matter comes before the Special Master by way of Defendant Chegg, Inc.'s May 31, 2024 letter application seeking an order compelling Plaintiff Pearson Education, Inc. to produce a witness adequately prepared to testify on behalf of Pearson regarding certain topics specified in Chegg's Notice of Deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Motion"). Pearson opposed the Motion by submission dated June 12, 2025 ("Opposition"). Chegg submitted a reply dated June 25, 2024 ("Reply") and Pearson submitted a response thereto by email dated July 2, 2024. For the reasons set forth below, the Special Master hereby DENIES Chegg's Motion.

**I.　　ANALYSIS**

The Special Master presumes the parties' familiarity with the factual background and procedural posture of this matter. Accordingly, the Special Master will only recite the facts relevant to the disposition of the subject dispute.

In this Motion, Chegg seeks an order compelling Pearson to produce a witness who is adequately prepared to testify on behalf of Pearson regarding topics 1, 4, 6-7, 9, 13-15, 16, 21-22, 27, 31-33 and 39 of Chegg's Deposition Notice. Pearson designated Marcia Horton O'Grady as a 30(b)(6) witness for 33 of the 39 topics. Chegg argues that during her deposition, Ms. O'Grady was unable to answer the most basic of questions about copyright ownership, the scope and identity of the asserted works, licensing negotiations between the parties, and key financial spreadsheets on which Pearson directly relied in its interrogatory responses. Chegg also asserts that Pearson's counsel improperly instructed Ms. O'Grady not to respond to certain questions on privilege grounds.

In response, Pearson argues that Ms. O'Grady spent at least 50 hours preparing for her 30(b)(6) deposition and testified over two days, spanning a wide range of subject matter and three dozen exhibits. Pearson asserts that Chegg has cherry-picked a handful of responses from those two days to try to re-open discovery. Pearson further argues that the caselaw does not require a perfect witness nor a perfect deposition, and that simply because a 30(b)(6) witness cannot answer every question posed to her does not mean that the corporation did not satisfy its obligation to prepare and produce a knowledgeable 30(b)(6) witness. Pearson also argues there is no basis for Chegg's claims that Pearson improperly instructed the witness as to privilege during the deposition.

### A. Legal Standard

Under Rule 30(b)(6), a party may name as the deponent a public or private corporation and "must describe with reasonable particularity the matters for examination." The named organization must designate one or more persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. The persons designated must

testify about information known or reasonably available to the organization. Fed. R. Civ. P. 30(b)(6).

"Although the individuals selected to testify need not have personal knowledge, Rule 30(b)(6) imposes an obligation on the entity to prepare the witnesses so that they can answer all noticed topics fully, accurately, and non-evasively." *Sanofi-Aventis v. Sandoz, Inc.,* 272 F.R.D. 391, 393, (D.N.J. 2011); *Harris v. New Jersey,* 259 F.R.D. 89, 92 (D.N.J. 2007). "Rule 30(b)(6) places the burden upon the deponent to 'make a conscientious good faith endeavor to designate the persons having knowledge of the matters sought ... and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters." *Costa v. County of Burlington*, 254 F.R.D. 187, 189 (D.N.J.2008) (quoting *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J.2007)).

The production of an unprepared corporate representative constitutes a failure to comply with the Rule. *Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.,* 228 F.3d 275, 304 (3d Cir. 2000). "[I]f a Rule 30(b)(6) witness is asked a question concerning a subject that was noticed with particularity, is seeking information that is reasonably available to the corporation, and is not unreasonably obscure, and the witness is unprepared to answer the question, the purpose of the deposition is completely undermined." *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.,* 250 F.R.D. 203, 216 (E.D. Pa. 2008).

However, Rule 30(b)(6) does "not require absolute perfection in preparation" of the witness, nor does it require a witness to have perfect responses to each question. *Graco, Inc. v. PMC Glob., Inc.,* No. CIV.A. 08-1304 FLW, 2011 WL 868930, at *13 (D.N.J. Feb. 14, 2011), *report and recommendation adopted,* No. CIV.A. 08-1304 FLW, 2011 WL 921668 (D.N.J. Mar. 10, 2011) (citation omitted); *Courtney v. Ivanov,* No. CV 3:13-227, 2016 WL 1367755, at *6 (W.D. Pa. Apr.

3

6, 2016). The fact that a witness could not answer every question is not tantamount to failure to appear and does not necessarily lead to a finding that the corporation failed to satisfy its obligation to prepare its 30(b)(6) witness. *Courtney,* 2016 WL 1367755, at *6 (citing cases); *1940 Route 9, LLC v. Twp. Of Toms River, New Jersey*, 2024 WL 2803166 (D.N.J. May 31, 2024); *Graco,* 2011 WL 868930, at *18 (finding that, even though the 30(b)(6) witness could not answer numerous questions, the corporation nevertheless "made a good faith endeavor to designate and prepare an appropriate witness" and "[the witness] made a good faith effort to obtain and provide relevant information").

### Specific topics

(i)     Topics 1, 4, 6, 7, 9 and 39

Chegg asserts that Ms. O'Grady was unprepared to testify as to Topics 1, 4, 6, 7, 9 and 39, which Chegg has grouped together as relating to "chain of title and scope of copyrights for the 150 titles in Exhibit A of the Complaint." Motion, at 3-5. In Pearson's Objections and Responses to Chegg's Notice of Rule 30(b)(6) Deposition, as to Topics 1, 4, 6, 7 and 9, Pearson agreed to "designate one or more persons to testify generally as to non-privileged, discoverable information regarding": 1) the creation of the Asserted Works and 2) the incorporation of prior existing material and new material in the Asserted Works. Opposition, Ex. B, p. 7, 9-13. As to Topic 39, Pearson responded that it "is willing to meet and confer with Chegg to define a reasonable scope for this Topic." Opposition, Ex. B, at 34. It unclear on this record whether the parties reached agreement on the scope of Topic 39.

In asserting that Ms. O'Grady was unprepared on these Topics, Chegg includes several examples of questions and responses from the deposition testimony. One such example was Ms. O'Grady's lack of knowledge as to why a single textbook edition listed in the 150 titles identified

4

in Exhibit A of the Complaint (the "Asserted Works") would have multiple copyright registration numbers. Motion, at 3, citing Tr. 54:1-24 and 70:15-71:2.[1] However, as Pearson correctly points out, there were two other topics – Topics 8 and 12[2] – that more specifically related to "copyright registration" and Pearson designated a separate witness, Vincent Gilbert, to testify on those topics. Opposition at 7. As Pearson also points out, Ms. O'Grady was able to answer other questions about the two exemplar exhibits (Dep. Ex. 31 and 60) elsewhere during her deposition testimony. Id.

In the next example, Chegg points to questions regarding a "copyright registration form" and argues that Ms. O'Grady was not prepared to testify as to Topic 9. Motion, at 3. Again, as Pearson points out, these questions would appear to be more appropriate for inclusion under Topics 8 and 12, on which Mr. Gilbert was designated to testify. Opposition, at 7. Moreover, Pearson responded to Topic 9 by agreeing to designate a witness to testify "generally . . . regarding the incorporation of prior existing material and new material in the Asserted Works." Opposition, Ex. B at 13. Chegg's characterization of Topic 9 in its Motion exceeds, or at a minimum changes, the scope of what was agreed to by the parties.

While Chegg is correct that it is permitted to ask overlapping questions to Mr. Gilbert and Ms. O'Grady, the issue is whether the topic was described with sufficient particularity and whether the corporation failed to satisfy its obligation to prepare its 30(b)(6) witness on the relevant subject

---

[1] References to the transcript of the deposition of Marcia Horton O'Grady on April 11-12, 2024, attached as Exhibit A to Chegg's Opposition, are designated as "Tr."

[2] Topic 8 relates to the "registration and review of copyrights for the Asserted Works" including any communications made to the U.S. Copyright office concerning applications for registration or renewal of copyrights. Topic 12 relates to Pearson's "policies and practices [c]oncerning securing and registering copyrights, [i]ncluding those policies and practices relevant to the registration of each of the Asserted Works."

5

matter. *Costa,* 254 F.R.D. at 190. On this record, and after reviewing the examples cited, it cannot be said that Pearson failed to make a good faith effort to designate and prepare an appropriate witness.

Next, Chegg argues that Ms. O'Grady could not provide information regarding "permission logs." Motion at 3-5. Pearson is correct that the Topics at issue do not specifically reference "permission logs" or "Asset right Detail Reports." Moreover, a review of the portions of the transcript cited by Chegg, in addition to other portions cited by Pearson (Opposition at 8, Tr. 130:15-186:18) makes clear that the witness testified adequately on this topic.

Finally, Chegg argues that Ms. O'Grady "failed to provide foundational information relating to the chain of title and copyright ownership", asserting that Ms. O'Grady was "unable to testify about basics concerning Pearson's acquisition history and ownership and management structures" [Topic 39]. Motion at 5. However, Topic 39 does not relate to "chain of title and copyright ownership." Rather, Topic 3, not the subject of this Motion, is the Topic that specifically relates to "ownership and chain-of-title" for the Asserted Works, and Pearson designated a separate witness, Mr. Gilbert, to testify as to Topic 3. Opposition, at 8, ftnt 10. In addition, the testimony cited by Chegg does not support its assertions on this point.

    (ii)    <u>Interrogatory 20/Topics 27 and 33</u>

Interrogatory 20 requests that Pearson identify each end-of-chapter question in the Asserted Works it contends to have been copied by Chegg. Motion, Ex. 11 at 7. Topic 27 and Topic 33[3]

---

[3] Topic 27 sought testimony relating to "the elements of any product or service offered by Chegg that [Pearson] contend[s] infringes [Pearson's] copyrights, as alleged in the Action." In response, Pearson agreed to designate a witness to testify generally regarding "Chegg's infringement of Pearson's copyrights through the Chegg Study website." Opposition, Ex. B at 25. Topic 33 sought testimony regarding "the factual bases for any form of relief [Pearson is] seeking in the Action."

6

however, are much broader, and neither specifies "with reasonable particularity" the information sought in Interrogatory 20. As Pearson correctly points out, Rule 30(b)(6) requires that deposition topics "must describe with reasonable particularity the matters for examination." Opposition, at 8-9. Further, notwithstanding the lack of reasonable particularity, a review of the testimony cited by Chegg, along with additional testimony cited by Pearson, shows that Ms. O'Grady largely addressed questions regarding contention interrogatories. Opposition, Ex. A at 75:12-83:18, 88:6-93:8, 95:10-99:24; 534:20-536:19.

    (iii)    <u>License and Settlement Agreements/Topics 13-15</u>

Ms. O'Grady was designated on topics concerning the License Agreement and the related 2018 Settlement Agreement between Chegg and Pearson. Chegg asserts that Ms. O'Grady was not prepared to testify on these topics, while Pearson asserts that Ms. O'Grady was more than sufficiently prepared and testified in detail on these agreements. Each party cites to various portions of the deposition testimony. Motion, at 6-7; Opposition, at 8-9. After reviewing the relevant portions of the deposition transcript, the Special Master agrees with Pearson that the overall record of testimony makes it clear that Ms. O'Grady was prepared to testify about Pearson's knowledge on these topics.

Chegg asserts Ms. O'Grady was not sufficiently prepared to testify regarding negotiations relating to the financial terms of the agreements. Reply, at 3. However, a review of the relevant portions of the transcript shows that the witness responded to the few questions asked. As to questions regarding the negotiation of the 2018 Settlement Agreement, Pearson asked only two questions, to which the witness responded. Tr. 494:12-495:5. Counsel then moved on to other topics. Likewise, on the topic of negotiations relating to financial terms of the License Agreement, while posing multiple questions to the witness about a particular email chain (Dep. Ex. 263),

7

Pearson asked two questions about financial terms, to which the witness responded, and then counsel moved on. Tr. 400:2-405:11. The record is insufficient to support Chegg's contention that Ms. O'Grady was not prepared to testify regarding these topics.

    (iv)    <u>Financial records/Topics 16, 21, 22, 31, 32</u>

Chegg argues that Ms. O'Grady was unprepared to testify about Pearson's financial records because she could not answer questions about four financial spreadsheets (Dep. Ex. 256, 257, 259 and 260). Motion, at 7-8. In response, Pearson argues that the witness was more than adequately prepared and provided nearly 100 pages of deposition testimony about each of the spreadsheets. Pearson further argues that the fact that she should could not answer a handful of questions, particularly when it was due in part to the confusing manner in which the deposition was conducted and the exhibits presented, is not a basis for demanding another 30(b)(6) deposition. Opposition, at 10-12.

After reviewing the relevant portions of the deposition testimony with respect to these financial records, the Special Master agrees with Pearson that the overall record of testimony does not warrant another deposition and does not require Pearson to answer additional interrogatories served out-of-time on these topics.

In conclusion, after reviewing each of the Topics identified by Chegg, the examples in the deposition testimony cited by Chegg, the references to other portions of the deposition testimony cited by Pearson, and the relevant law, the Special Master finds that the record does not reflect the type of bad faith or extreme unpreparedness that constitutes a failure to appear or warrants another 30(b)(6) deposition.

Accordingly, the Special Master denies Chegg's request that Pearson be compelled to produce another witness for another Rule 30(b)(6) deposition on these topics and denies Chegg's request for fees and costs.

B. **Instructions not to answer**

Chegg argues Pearson's counsel improperly instructed the witness not to answer certain questions, and that as a result Pearson should be compelled to produce the witness again to respond to those questions as to which the privilege was asserted. Motion, at 8-10. Pearson argues that counsel properly instructed the witness not to disclose discussions protected by the attorney client privilege. Opposition, at 13-14.

After reviewing the testimony cited, Pearson's counsel instructed the witness not to disclose discussions that involved counsel. Such instruction was proper, as discussions that involve communications with counsel are protected from disclosure by the attorney-client privilege. *See*, *e.g.*, *Damarr-Faruq v.City of Pleasantville Police Dep't*, 2023 WL 3996952 (D.N.J. June 13, 2023). While assertion of the privilege does not protect *facts* from disclosure, the way the questions were phrased (i.e., asking broadly what was discussed in those meetings) could have led to the disclosure of privileged communications with counsel. Accordingly, counsel's limited instruction not to disclose communications with counsel was appropriate.

Chegg also argues that the instruction from Pearson's counsel not to identify documents reviewed during deposition preparation was improper. Motion, at 9-10. Pearson argues that the instruction was proper, because it was limited to protecting information about the selection and compilation of documents by counsel, which is protected by the work product privilege. Opposition at 14-15. The Special Master agrees with Pearson that the work product privilege protects from disclosure information about the "selection and compilation of documents by

9

counsel" when preparing for a deposition. *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985). Upon review of the record, Pearson's counsel did not instruct the witness not to answer when the witness was shown a specific exhibit and asked whether she had reviewed that particular document during preparation. Rather, counsel objected and instructed the witness not to answer when the question more generally asked what documents were reviewed during deposition preparation. This instruction is consistent with controlling law.

Accordingly, Chegg's Motion is denied. In addition, Pearson's request in its Opposition that Chegg should be ordered to reimburse Pearson for its fees and costs incurred in opposing the Motion is likewise denied, as an award of fees and costs is not justified on this record.

## II. ORDER

**IT IS** on this 12th day of September 2024,

**ORDERED** that Chegg's Motion to compel Pearson to produce a witness adequately prepared to testify on behalf of Pearson regarding certain topics specified in Chegg's Rule 30(b)(6) Notice of Deposition is **DENIED.**

**SO ORDERED**.

                                                     /s/ *Jose L. Linares*

                                                     Hon. Jose L. Linares, U.S.D.J. (Ret.)

ME1 48684610v.1